FILED
OCT 2* 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URANNA G.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,[1]<br><br>　　　　　　　　　Defendant. | Case No.: 3:18-cv-02117-RNB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 17, 21)** |

On September 12, 2018, plaintiff filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits. Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment.[2] For the reasons set forth herein, plaintiff's motion for summary judgment is **GRANTED** and the Commissioner's cross-motion for summary judgment is **DENIED**.

---

[1] Andrew Saul is hereby substituted as the defendant in this case per Fed. R. Civ. P. 25(d).

[2] The parties have consented to Magistrate Judge jurisdiction.

1

3:18-cv-02117-RNB

## PROCEDURAL BACKGROUND

On October 8, 2015, plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability commencing January 1, 2015. (Certified Administrative Record ["AR"]) 500-06.) Plaintiff claimed that she was unable to work due to urinary cancer, high blood pressure, and anxiety. (AR 532.) Her application was denied initially and upon reconsideration. (AR 424-27, 429-33.)

On June 30, 2016, plaintiff requested a hearing before an administrative law judge ("ALJ'). (AR 434-35.) The hearing was held on October 17, 2016, with plaintiff electing to proceed without counsel. Testimony was taken from her and a vocational expert ("VE"). (*See* AR 345-82.)[3] The ALJ issued a decision on December 27, 2016, finding that plaintiff was not disabled for purposes of her benefits application. (AR 406-14.) Thereafter, plaintiff requested a review of the decision by the Appeals Council. (AR 464.) On February 27, 2017, the Appeals Council granted review, vacated the ALJ's decision, and remanded for further proceedings. (AR 419-23.)

Pursuant to the order of remand, a supplemental hearing was held by the same ALJ on August 8, 2017. Plaintiff again elected to proceed without counsel. Testimony was taken from her and a VE. (*See* AR 37-93.) The ALJ issued a decision on October 25, 2017, again finding that plaintiff was not disabled for purposes of her benefits application. (AR 21-31.) Thereafter, plaintiff (now represented by counsel) requested a review of the decision by the Appeals Council. (AR 498-99.) The ALJ's decision became the final decision of the Commissioner on July 25, 2018, when the Appeals Council denied plaintiff's request for review. (AR 1-6.) This timely civil action followed.

---

[3] At the outset of the hearing, the ALJ deemed plaintiff to have amended her alleged onset date to March 11, 2014. (*See* AR 350.)

# SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 11, 2014, the amended alleged onset date. (AR 23.)

At step two, the ALJ found that plaintiff had the following severe impairments: "residual effects from treatment of a malignant neoplasm of the ovary and uterine adnexa." (AR 24.)[4]

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 26.)

Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform "the full range of skilled, sedentary work" as defined in the Commissioner's regulations, "but such work must have been safe, in that it could not have required more than occasional stooping, bending, twisting or squatting; working on the floor (e.g., no kneeling, crawling or crouching); ascending or descending full flights of stairs (but a few steps up or down not precluded); and working around dangerous unprotected heights, machinery, or chemicals." (AR 26.)

For purposes of his step four determination, the ALJ adduced and accepted the VE's testimony that a hypothetical person with plaintiff's vocational profile and RFC would be able to perform the requirements of plaintiff's past relevant work as a bookkeeper, as customarily performed in the national economy (but in reduced numbers). (AR 30.)

Accordingly, the ALJ concluded that plaintiff was not disabled. (AR 31.)

---

[4] The ALJ further found that plaintiff's medically determinable impairment of an anxiety disorder was nonsevere because it "did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities for any 12 consecutive month period of time from the amended alleged onset date to the present." (AR 24.)

# PLAINTIFF'S SOLE CLAIM OF ERROR

Plaintiff claims that the ALJ erred in failing to consider the impact of plaintiff's mild mental impairment on her ability to work.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

# DISCUSSION

To determine whether a claimant has a severe *mental* impairment at step two of the Commissioner's sequential evaluation process, an ALJ must follow a "special technique." *See* 20 C.F.R. §§ 404.1520a(a).[5] This entails the following steps: determining whether the

---

[5] The Court notes that the Social Security Agency revised the medical criteria used to evaluate claims involving mental disorders in a revised version of 20 C.F.R. § 404.1520a effective January 17, 2017. The revised version applies to ALJ decisions issued after that date. *See* 81 Fed. Reg. 66138-01, at 66138 n.1 (Sept. 26, 2016). Since the ALJ decision here was issued on October 30, 2017, all references herein to 20 C.F.R. § 404.1520a will refer to the revised version.

4

claimant has any medically determinable mental impairments; rating the degree of functional limitation resulting from the mental impairment(s) in four broad functional areas; determining the severity of the mental impairment(s); and then, if any of the mental impairments is severe, proceeding to step three of the sequential evaluation process. *See* 20 C.F.R. § 404.1520a(b)-(d).

Pursuant to the Commissioner's regulations in effect at the time of the ALJ's decision here, the four broad functional areas are: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. *See* 20 C.F.R. § 404.1520a(c)(3). In rating the degree of limitation in these areas, the following five-point scale is utilized: None, mild, moderate, marked, and extreme. *See* 20 C.F.R. § 404.1520a(c)(4). Under the Commissioner's regulations, if the degrees of limitation are rated as "none" or "mild," the impairment generally is considered not severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities." *See* 20 C.F.R. § 404.1520a(d)(1).

Here, the ALJ's decision reflects that he followed the "special technique." He acknowledged that plaintiff had a medically determinable mental impairment of an anxiety disorder. (AR 24.) However, he proceeded to find that (a) plaintiff had no limitation in the first and fourth broad functional areas (*i.e.*, understanding, remembering or applying information; and adapting or managing oneself), and (b) plaintiff had only a mild degree of limitation in the other two broad functional areas (*i.e.*, interacting with others; and concentrating, persisting, or maintaining pace). Accordingly, the ALJ found that "[b]ecause the claimant's medically determinable mental impairments cause no more than 'mild' limitation in any of the functional areas, they are nonsevere." (AR 26.)

Plaintiff is not challenging the ALJ's non-severity finding. Rather, plaintiff contends that the ALJ's failure to incorporate the mild limitations he found in the second and fourth broad functional areas was legal error. Plaintiff further contends that the presence of even mild limitations in concentration, persistence, and pace and in interacting with others would have an impact on plaintiff's ability to perform her past relevant work

as a bookkeeper, given the highly skilled nature of the job. In support of this claim of error, plaintiff is relying principally on the Ninth Circuit's unpublished decision in *Hutton v. Astrue*, 491 F. App'x 850 (9th Cir. 2012).

In assessing a claimant's RFC, an ALJ must consider the limiting effect of all impairments, including those that are non-severe. *See* 20 C.F.R. § 404.1545(a)(2). In *Hutton*, the ALJ determined at step two that the claimant's PTSD caused mild limitations in concentration, persistence or pace, but was non-severe. *Hutton*, 491 F. App'x at 850. The ALJ later explicitly excluded consideration of the claimant's PTSD in making his determination of the claimant's RFC because he found that the claimant lacked credibility. In holding that the ALJ had erred, the Ninth Circuit reasoned: "[W]hile the ALJ was free to reject Hutton's testimony as not credible, there was no reason for the ALJ to disregard his own finding that Hutton's nonsevere PTSD caused some "mild" limitations in the areas of concentration, persistence, or pace." *Hutton*, 491 F. App'x at 851.

Numerous courts in this Circuit have followed *Hutton* and found reversible error where the ALJ failed to include mild mental limitations in the assessment of the claimant's RFC. *See, e.g., Carlson v. Berryhill*, 2019 WL 1116241, at *17-*18 (N.D. Cal. Mar. 10, 2019); *Barrera v. Berryhill*, 2018 WL 4216693, at *4-*5 (C.D. Cal. Sept. 5, 2018); *Gates v. Berryhill*, 2017 WL 2174401, at *2 (C.D. Cal. May 16, 2017); *Smith v. Colvin*, 2015 WL 9023486, at *8-*9 (N.D. Cal. Dec. 16, 2015); *Kramer v. Astrue*, 2013 WL 256790, at *2-3 (C.D. Cal. Jan. 22, 2013). Other courts have found *Hutton* to be inapplicable where the record demonstrates that the ALJ did consider a claimant's non-severe mental impairments before concluding that they did not cause any significant limitation necessitating inclusion in the RFC. *See, e.g., Thompson v. Saul*, 2019 WL 3302471, at *7 (E.D. Cal. July 23, 2019); *George A. v. Berryhill*, 2019 WL 1875523, at *3-*5 (C.D. Cal. Apr. 24, 2019); *Lindsay v. Berryhill*, 2018 WL 3487167, at *6 (C.D. Cal. July 18, 2018); *Aranda v. Berryhill*, 2017 WL 3399999, at *5-*6 (C.D. Cal. Aug. 8, 2017).

The Court concurs with plaintiff that this case falls squarely under *Hutton*.[6] The ALJ here found mild limitations in two of the broad functional areas: interacting with others; and concentrating, persisting, or maintaining pace. Based on these findings and his findings of no limitation in the two other broad functional areas, the ALJ determined that plaintiff's medically determinable mental impairment of anxiety was non-severe. However, the ALJ acknowledged that the mental RFC assessment used at steps four and five of the sequential evaluation process "requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings." (S*ee* AR 26, citing Social Security Ruling 96-8p.) Notwithstanding this acknowledgement, the ALJ discussed plaintiff's anxiety impairment only in connection with Finding No. 3 (severity) of his decision. (*See* AR 24-26.) The decision does not contain any discussion or reflect any reasoned consideration of the mild limitations caused by plaintiff's anxiety impairment in connection with Finding No. 5 (RFC). (*See* AR 26-30.) Nor does the decision contain any discussion or reflect any reasoned consideration of the mild limitations caused by plaintiff's anxiety impairment in connection with Finding No. 6 (past relevant work). (*See* AR 30.) The ALJ's boilerplate assertion in connection with Finding No. 3 that his RFC assessment "reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis" was not sufficient. *See Gates*, 2017 WL 2174401, at *3 (rejecting the Commissioner's argument that one can "infer" that the ALJ considered plaintiff's mild mental limitations as inconsistent with *Hutton*); *cf. Curtis v. Comm'r of Soc. Sec., 584 F. App'x 390, 391 (9th Cir. 2014)* ("Although the ALJ wrote that he considered '[a]ll impairments, severe and non-severe,' in determining [the claimant's] residual functional capacity (RFC), we are unable to determine on the record before us whether the ALJ adequately considered [the claimant's] mental health limitations.").

---

[6] Inexplicably, the Commissioner failed even to address *Hutton* in the Commissioner's cross-motion/opposition to plaintiff's summary judgment motion.

7

Thus, the ALJ plainly erred. Moreover, the Court is unable to find that the error was "inconsequential to the ultimate nondisability determination" and therefore harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The Court cannot determine what the result would have been if the ALJ had considered plaintiff's mild mental limitations when assessing her RFC. Since the ALJ did not include in any of his hypotheticals to the VE any functional limitations relating to plaintiff's mild limitation in concentrating, persisting, or maintaining pace (*see* AR 81-86), the Court also cannot determine how the VE would have testified had any such limitations been included in the hypotheticals posed. The Court does note that, when the ALJ included a functional limitation relating to plaintiff's mild limitation in interacting with others in his second hypothetical (specifically, a limitation to only occasional verbal interaction with supervisors and coworkers), the VE testified that all of plaintiff's past work would be precluded. (See AR 83.)

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g., Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. *See, e.g., Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin*, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits to which the disabled plaintiff is entitled, *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985).

Here, the Court has concluded that this is not an instance where no useful purpose would be served by further administrative proceedings. Rather, remand is warranted to

permit the ALJ to reevaluate whether plaintiff is capable of performing her past relevant work as a bookkeeper and if not, to proceed to step five of the sequential evaluation process to determine whether plaintiff can perform other work existing in significant numbers in the national economy.

For the foregoing reasons, plaintiff's motion for summary judgment is **GRANTED**, the Commissioner's cross-motion for summary judgment is **DENIED**, and it is hereby **ORDERED** that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

Dated: October 21, 2019

ROBERT N. BLOCK
United States Magistrate Judge